Per Curiam.

— “ The land, the principal subject matter of t suit, lies in Ohio, out, of course, of the jurisdiction of the courts of this State ; but as the defendant interested in the controversy, w brought directly before the Circuit Court, it was authorized, as a court of equity, to take cognizance of the cause, under the general rale that courts of equity act upon the person. Story’s Eq. PI. 489; 2 Story’s Eq. 58.
“ As the sale of the 292 acres to Gage, was a sale by an agent to himself, if it had not been subsequently ratified, his principal, and of course, the heirs of the principal, had a right, by an application, in equity, in a reasonable time, to have it set aside without any en-quiry as to its fairness. Brackenridge v. Holland, 2 Blackf. 377 ; 1 Hilliard’s Abr. 398; 1 Story’s Eq. 338; Story on Agen. 248; 4 How. U. S. R. 503 ; McCormick v. Malin, 5 Blackf. 509, Considering the location of the land, in another State, the enfeebled ph) - cal and mental condition of Col. Pike, at the time of the transaction, his decease soon after, the infancy of the heirs, and their proba ignorance of the premises, we think the present application cannot be rejected, as made too late.
Had, then, this sale by Gage to himself, been satisfied before the , commencement of this suit ? It depended upon him to show, sa factorily, that such was the fact. He contends that the evidence in this ease does so, and relies, mainly, on the following paper :
‘ Know all men by these presents, that I, Zebulon Pike, of Dearborn county and State of Indiana, have, this 19th oí April, 1833, disch ged Andrew F. Gage from further duties as my agent, having bf appointed by me to sell and convey a certain tract of land in - State of Ohio, in the year of our Lord, 1827. It is therefore due • ■ him that I should certify to all concerned, that he has well and tr performed the duties of that office, and that I entirely approve of the sales he has made, the deeds and conveyances given, and mom \ * received, to all of which we have this day settled and discharg< d each other from further obligations. Zee. Pike.’
“ This instrument may go far to show that Gage satisfactorily counted to Pike for the proceeds of the land sold to strangers, end that the latter acquiesced in those sales ; and did it appear from, it or from other evidence in the cause, that Pike was made fully *147 quainted with the facts relative to the vesting of the legal title to the balance of the 750 acre tract in Gage, its bearing would be the same on that transaction. It does not so appear, but rather the contrary. It does not appear that he even knew it was so vested. The evidence is voluminous and we cannot pretend to give even the substance of it here, but we are satisfied that we are not mistaken upon this point.
The Court below, then, committed no error in decreeing that Gage held these lands in trust for Pike's heirs, and that he should relinquish the title to them. But Ms counsel insist that Gage's conveyance should have been annulled, upon the. terms that he should be paid for improvements made, and have his purchase money, with interest, refunded, &c. In this they would be right, did it appear that he had made any improvements or paid any purchase money. Michoud v. Girod, 4 How. U. S. R. 503; Lessee of Moody v. Vandyke, 4 Binn. 31; Harding v. Handy, 11 Wheat. 103; Brackenridge v. Holland, supra. It does not so appear. Gage's account against Pike, set forth in his answer and claimed to be the purchase money paid, is for services in his agency, for money paid therein, and for boarding furnished. As he received, long before the alleged settlement, the money on the sales of the lands, we presume, under the circumstances of the case, the contrary not being proved, that he retained a sufficiency to compensate himself for Iris trouble and expenses, and the boarding would seem to have been paid for during the time it was received. As to improvements, they were all made out of the rents. Were there no other objection to the decree in this case, therefore, but this, we should not disturb it.
“But the Court instead of simply decreeing that Gage should relinquish, generally, his title to the heirs of Pike, proceeded to determine the particular shares to be relinquished to each. It seems to us, the court should not have so proceeded, without first ascertaining and decreeing the share due to each, taking into consideration advances made, &c., according to the provisions of the R. S. p. 813. It appears by the evidence, that one of the heirs had a piece of land lying in this State, conveyed to him by Col. Pike, in his lifetime, and that the lands in question in this suit, are the only remaining property belonging to Pike's estate. It does not appear by the record before us, that the Court considered the question, whether the division it made of this property, was a fair one, considered in relation *148 to advancements that might have been made; and hence, the share given by this decree may be more than some of the heirs are entitled to.”
That part of the decree requiring Gage to quit claim a particular portion of the lands in question to each of the heirs, was reversed, and the remainder affirmed.